IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **SHERI L. HOWARD,**<br><br>            **Plaintiff,**<br><br>v.<br><br>**ROBERT RALPHS, STEPHANIE SPEICHER, and MAX LANG,**<br><br>            **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:13-cv-01042-DN-PMW<br><br>**Chief District Judge David Nuffer**<br><br>**Magistrate Judge Paul M. Warner** |

Chief District Judge David Nuffer referred this matter to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court are the following motions: (1) Sheri L. Howard's ("Plaintiff") motion for default judgment,[2] (2) Max Lang's ("Defendant") motion to set aside default,[3] and (3) Defendant's motion to dismiss for failure to state a claim.[4] The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  See DUCivR 7-1(f).

At the outset, the court recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe her pleadings liberally.  *See, e.g*, *Ledbetter v. City of*

---

[1] *See* docket nos. 4 and 25.

[2] *See* docket no. 27.

[3] *See* docket no. 34.

[4] *See* docket no. 35.

*Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). The court also recognizes that Plaintiff has been permitted to proceed in forma pauperis in this case under 28 U.S.C. § 1915 ("IFP statute").

## RELEVANT BACKGROUND

Plaintiff filed a complaint against Defendant, as well as two other defendants who have since settled with Plaintiff and been dismissed from the case. Plaintiff alleges that Defendant violated the McKinney-Vento Homeless Assistance Act, *see* 42 U.S.C. §§ 11431-11435, by failing to provide her daughter transportation to school. Using the court's pre-printed pro se form, Plaintiff brings her action under 42 U.S.C. § 1985 and 18 U.S.C. § 245.

On February 19, 2014, Defendant was served with a copy of the complaint. Defendant states that he immediately took the complaint to his supervisor and an attorney (who has since retired) with the Utah State Office of Education. Defendant's understanding was that the complaint would be forwarded to the Utah Attorney General's Office and that he would be represented by an attorney in the Litigation Division pursuant to the Utah State Office of Risk Management. Defendant assumed the matter had been resolved as he had heard nothing about it until he received a copy of the Default Certificate in the mail in January 2016.

Defendant forwarded the Default Certificate to Assistant Attorney General Nicole Call, who currently represents the Utah State Office of Education. Ms. Call had no knowledge of the matter as it was filed before she began to represent the Utah State Office of Education. The Utah State Office of Education could find no record of the complaint. Despite an extensive search, the Utah Attorney General's Office could not locate a copy of Plaintiff's complaint that had ever been forwarded to the Utah Attorney General's Office.

On June 29, 2015, the Clerk of Court entered default against Defendant. On July 13, 2015, Plaintiff filed a motion for default judgment against Defendant. Defendant now moves to set aside that default and to dismiss the case for failure to state a claim.

## STANDARD OF REVIEW

Whenever the court authorizes a party to proceed without the prepayment of fees under the IFP statute, the court must "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under the IFP statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id.* at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking that analysis, the court is mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991*); see also, e.g.,, Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct

3

a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.  This is so because a prose plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.  Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).  With these standards in mind, the court now turns to the motions before the court, as well as the substance of Plaintiff's complaint under the IFP statute.

## DISCUSSION

### I. Defendant's Motion to Set Aside Default

Defendant asks this court to set aside the entry of default against him.  Defendant contends that the entry of default is the result of a genuine mistake and that good cause exists to set it aside.  This court agrees.

Defaults, and default judgments, are "disfavored by courts." *Harris Research, Inc. v. Lydon*, No. 1:06-CV-136 TS, 2008 WL 471712, at *1 (D. Utah Feb. 19, 2008).  Rule 55(c) of the Federal Rules of Civil Procedure states that "the court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  To determine whether good cause exists, courts consider "(1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, 65 F.3d 178, 1995 WL 523646, *3 (10th Cir. 1995).  "Generally, a defendant's conduct is considered culpable if he has defaulted willfully or

4

has no excuse for the default." *Wirth v. Taylor*, No. 2:09-CV-127 TS, 2009 WL 3297277, at *1 (D. Utah Oct. 14, 2009).

The above-mentioned factors weigh in favor of granting Defendant's motion. First, Defendant did not default willfully; he believed that he had taken the necessary steps to have this matter resolved though the Utah Attorney General's Office. Second, Plaintiff has not demonstrated that she will be prejudiced by setting aside the default. In fact, Plaintiff has not filed a response to Defendant's motion to set aside. And finally, Defendant has presented a meritorious defense in his motion to dismiss for failure to state a claim. *See Sac Acquisition LLC v. Elite Products*, No. 2:06-cv-7-TS, 2008 WL 2329170, *2 (D. Utah June 3, 2008) ("Defendant does not need to demonstrate a likelihood of success on the merits, but rather, defendant's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense." (quotations and citation omitted)).

Based on the foregoing, Defendant's motion to set aside default is **GRANTED**.

## II. Plaintiff's Motion for Default Judgment

Because this court **GRANTED** Defendant's motion to set aside the entry of default, Plaintiff's motion for default judgment has been rendered **MOOT**.

## III. Sufficiency of Plaintiff's Complaint Under IFP Statute

As an initial matter, the court notes that while Plaintiff filed suit in her own name as the injured party, the substance of her complaint suggests that she is asserting claims on behalf of her minor daughter. For example, Plaintiff alleges that Defendant "failed to remove transportation barriers, intending to impede [her] daughter from attending Alianza Academy [and] because she is homeless, [Defendant] violated her rights."[5] The Tenth Circuit case law is

---

[5] Docket no. 3 at 6.

clear that a parent proceeding pro se cannot represent the rights of his/her minor children. *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). Because Plaintiff does not appear to be asserting claims on her own behalf, and she does not have standing to bring claims on her daughter's behalf pro se, the court could recommend dismissal of Plaintiff's complaint on this basis alone. However, to the extent that Plaintiff is asserting claims on her own behalf, the court concludes that they too fail as a matter of law as discussed below.

### A. Count I: 18 U.S.C. § 245

Plaintiff attempts to assert a claim under 18 U.S.C. § 245. However, because it is a criminal statute, it does not provide a private right of action in a civil case. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed. App'x 414, *2 (10th Cir. 2003). "Further, § 245 explicitly reserves the right of prosecution to government officials." *Id.* (citing 18 U.S.C. § 245(a)(1)). Accordingly, Plaintiff's claim under 18 U.S.C. § 245 fails as a matter of law.

### B. Count II: 42 U.S.C. § 1985

To state a claim for conspiracy under 42 U.S.C. § 1985(3), Plaintiff must allege: (1) a civil conspiracy; (2) to deprive her of equal protection or equal privileges and immunities; (3) an act in furtherance of conspiracy; and (4) an injury or deprivation resulting therefrom. *See Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). This court concludes that Plaintiff's section 1985(3) claim fails as a matter of law. As noted above, although Plaintiff has not named her minor child in the pleadings, Plaintiff appears to be alleging this case on behalf of her minor child. Plaintiff has not alleged that Defendant has taken any discriminatory action against Plaintiff herself. In addition, while Plaintiff names three individual defendants in her complaint, Plaintiff has not alleged that Defendant conspired with them (or others) through "agreement or

concerted action" to deprive her (or her daughter) of equal protection of the law. *Langley v. Adams Cty., Colo.*, 987 F.2d 1473, 1482 (10th Cir. 1993). "Conclusory allegations that the defendants acted in concert or conspired, without specific factual allegations to support such assertions, are insufficient to state a claim under § 1985(3)." *Martinez v. Martinez*, No. CIV 09-0281JB/KBM, 2010 WL 1608884, at *12 (D. N.M. March 30, 2010).

Moreover, a violation of section 1985 must include class-based or racially discriminatory animus. *Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102, (1971)). In other words, Plaintiff must show that Defendant targeted her (or her child) "because of" her membership in some class, and "the criteria defining the class were invidious." *Lessman v. McCormick*, 591 F.2d 605, 608 (10th Cir. 1979). While Plaintiff states that Defendant violated her daughter's rights because she is homeless, neither the Supreme Court nor the Tenth Circuit has recognized an invidious basis other than race. *See Millwee v. Utah Div. of Child and Family Servs.*, No. 2:11-CV-1172-DB-DBP, 2013 WL 1180773, *4 (D. Utah March 4, 2013) (citing cases). And, finally, Plaintiff has not alleged that Defendant committed any act in furtherance of the alleged conspiracy. Because Plaintiff has failed to allege the elements of a conspiracy, Plaintiff's section 1985 claim fails as a matter of law.

Based on the foregoing, this court concludes that Plaintiff's current complaint fails to state a claim on which relief can be granted. At the same time, however, the court recognizes that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give [her] an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted). While it is not completely clear from Plaintiff's complaint, it appears that the facts as Plaintiff has alleged, if brought by her daughter, may state a colorable claim under 42 U.S.C. § 1983 for

violations of the McKinney-Vento Homeless Assistance Act. *See* 42 U.S.C. §§ 11431-11435. Accordingly, Plaintiff is hereby provided with an opportunity to amend her complaint. Plaintiff shall file an amended complaint that addresses the above-mentioned deficiencies on or before October 14, 2016. Failure to do so will result in a recommendation to Chief Judge Nuffer that this matter be dismissed.

### IV. Defendant's Motion to Dismiss

Because this court has ordered Plaintiff to file an amended complaint, Defendant's motion to dismiss has been rendered **MOOT.**

### CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Defendant's motion to set aside default[6] is **GRANTED**;

(2) Plaintiff's motion for default judgment[7] is **MOOT**;

(3) Defendant's motion to dismiss[8] is **MOOT**; and

(4) Plaintiff shall file an amended complaint on or before October 14, 2016. Failure to do so will result in a recommendation to Chief Judge Nuffer that this matter be dismissed.

**IT IS SO ORDERED**.

DATED this 15th day of September, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[6] *See* docket no. 34.

[7] *See* docket no. 27.

[8] *See* docket no. 35.