# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **SHERI L. HOWARD,** | **REPORT AND RECOMMENDATION** |
| Plaintiff, | |
| | Case No. 2:13-cv-1042-DN-PMW |
| v. | |
| **MAX LANG,** | Chief District Judge David Nuffer |
| Defendant. | Chief Magistrate Judge Paul M. Warner |

Chief District Judge David Nuffer referred this matter to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Defendant Max Lang's ("Defendant") Motion to Dismiss for Failure to Prosecute or Comply with Court Order.[2] The court has carefully reviewed the memorandum submitted by Defendant.[3] Plaintiff Sheri L. Howard ("Plaintiff") has failed to respond to Defendant's motion and the time for doing so has passed. *See* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice.").

On September 15, 2016, this court issued a Memorandum Decision and Order granting Defendant's motion to set aside default entered against him. In that same order, this court addressed the sufficiency of Plaintiff's complaint under 28 U.S.C. § 1915 and, finding it deficient, instructed Plaintiff to file an amended complaint on or before October 14, 2016. This

---

[1] Dkt. Nos. 4 and 25.

[2] Dkt. Nos. 41.

[3] Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

court further informed Plaintiff that failure to do so would result in a recommendation to Chief Judge Nuffer that this matter be dismissed.

The Memorandum Decision and Order was sent to the address that Plaintiff provided in her pleadings and it was returned with a label from the United States Postal Service stating it could not be forwarded.[4]  Plaintiff has apparently failed to keep her address current with the court.  Furthermore, in Defendant's motion to dismiss, he indicates that his counsel also attempted to mail documents to Plaintiff but they were returned with no forwarding address.  Counsel's attempts to contact Plaintiff by phone were likewise unsuccessful.

Based on the foregoing, this court recommends that Defendant's Motion to Dismiss be **GRANTED** and that Plaintiff's case be dismissed for failure to prosecute, comply with an order of the court, and state a claim upon which relief may be granted.  Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Any objection to this Report and Recommendation must be filed within fourteen (14) days after being served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

**IT IS SO ORDERED**.

DATED this 30th day of June, 2017.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[4] Dkt. No. 40.